UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JERRY GATER, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No. 1:24-cv-00231-SEP |
| | ) |
| TORI CALDWELL, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Self-represented Plaintiff Jerry Gater, a Sikeston, Missouri resident, filed this civil rights action on December 19, 2024, against the United States Probation Office in the Eastern District of Missouri, and U.S. Probation Officers Toni Caldwell and Jennifer Rukstad. Doc. [1]. Plaintiff's initial filing is deficient for the reasons set forth below.

Plaintiff neither paid the filing fee nor filed a proper motion to proceed without prepayment of fees or costs.[1]  No later than 21 days from the date of this Order, he must either (1) pay the $405 filing fee or (2) file a properly completed motion to proceed without prepaying the fees. 28 U.S.C. § 1915(a). Failure to timely comply with this requirement will result in dismissal of this case without prejudice and without further notice.

Plaintiff also must amend his complaint on a Court-provided form in compliance with this Order. *See* E.D. Mo. L.R. 2.06(A). Plaintiff alleges that Defendant Caldwell allowed Plaintiff to date only women she "approved of," and that she would not allow him to "contract work." And he alleges that Rukstad, Caldwell's supervisor, knew about the violations of his rights. As currently stated, those allegations are frivolous. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (an action is factually frivolous if the facts alleged are "clearly baseless"; allegations are clearly baseless if they are "fanciful," "delusional," or "fantastic"). But Plaintiff will have another opportunity to state a viable legal claim.

The filing of an amended complaint completely replaces the original complaint, so Plaintiff must include in the amended complaint every claim he wishes to pursue against the

---

[1] Plaintiff filed a motion to proceed without prepayment of fees or costs, but he failed to indicate on his financial form if he is currently employed. Doc. [3]. Plaintiff also failed to fill out his monthly income from all sources, including those from disability or worker's compensation payments. *Id.*

newly named defendant(s). *See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Any claims from the original complaint, supplements, or pleadings that are not included in the amended complaint will be deemed abandoned and will not be considered. *Id*. The allegations may not be conclusory. Plaintiff must plead facts that show how each defendant is personally involved in or directly responsible for his alleged harm. All of Plaintiff's claims should be clearly set forth in the "Statement of Claim" in the Court-provided form. He should not use additional supplements.

Unless Plaintiff files an amended complaint within 21 days according to these instructions, this action will be dismissed without prejudice and without further notice.

## MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff has also moved for appointment of counsel, Doc. [8]. In civil cases, a litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). A district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). In making that decision, a court considers such factors as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

On review of the factors, the Court finds that appointment of counsel is not warranted at this time. Plaintiff has so far shown that he can adequately present his claims to the Court, and neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall add the United States Probation Office for the Eastern District of Missouri and Probation Officer Jennifer Rukstad as defendants in this action.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Proceed *In Forma Pauperis,* Doc [3], is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel, Doc [8], is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to Plaintiff copies of the Court's Prisoner Civil Rights Complaint form and Motion to Proceed in Forma Pauperis – Prisoner Cases form.

**IT IS FURTHER ORDERED** that, within **twenty-one (21) days** of the date of this Order, Plaintiff shall file an amended complaint on the Court's Prisoner Civil Rights Complaint form and in compliance with the Court's instructions.

**IT IS FINALLY ORDERED** that, within **twenty-one (21) days** of the date of this Order, Plaintiff shall either pay the $405 filing fee or submit a motion to proceed *in forma pauperis* on the Prisoner Cases Court-provided form.

**Plaintiff's failure to timely comply with this Order shall result in the dismissal of this action, without prejudice and without further notice.**

Dated this 9th day of April, 2025.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

3